**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:23-cr-00353 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DAMOND D. DIXSON, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendant Damond D. Dixson's ("Defendant") motion for compassion release and supplement in support (the "Motion"). (ECF Nos. 45, 49). For the reasons below, the Motion is **DENIED**.

## I. BACKGROUND

On June 29, 2023, a federal grand jury issued a two-count indictment charging Defendant with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 1), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2). (ECF No. 1). An enhanced penalty under 21 U.S.C. § 841(b)(1)(B) applied to both counts due to Defendant's prior serious drug felony conviction. (*Id.* at PageID #2). Defendant, having signed a plea agreement, entered a guilty plea to Count 2 of the indictment on July 17, 2024. (Minutes of proceedings [non-document] dated 7/17/2024; ECF No. 22).[1] The plea agreement also included the statutory enhancement under 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 851 that included a mandatory minimum of ten years of imprisonment, an

[1] The Court dismissed count one of the Indictment upon oral motion by the Government at sentencing. (Minutes of Proceedings [non-document] dated 10/29/2024).

$8,000,000.00 fine, or both, and a mandatory period of eight years of supervised release. (ECF No. 22, PageID #83–84). On October 29, 2024, the Court sentenced Defendant to a 120-month term of imprisonment with eight years of supervised release to follow, a $10,000.00 fine, and $100.00 special assessment. (ECF No. 31; Minutes of proceedings [non-document] dated 10/29/2024). Defendant did not file a direct appeal.

On April 21, 2026, Defendant filed the Motion *pro se*, and appointed counsel supplemented it on July 8, 2026. (ECF No. 45; ECF No. 49). Defendant seeks a reduced sentence of five years or, in the alternative, immediate release. (ECF No. 45, PageID #239). Defendant argues that he is the only available caregiver of his quadriplegic cousin, Delshon Dixson ("Delshon"), which constitutes an extraordinary and compelling reason for a reduction of his sentence. (*Id*. at PageID #262–65). Defendant attaches several documents in support of the Motion, including Delshon's medical records demonstrating his condition as a quadriplegic, Delshon's declaration, Defendant's educational programming certificates received while in custody, Bureau of Prison records, and letters from friends, family members, and a Correctional Counselor at FCI Gilmer. (ECF Nos. 45-1, 45-2, 44-4, 44-5, 49-1, 49-2, 49-3, 49-4, 49-5).

On September 4, 2026, the Government opposed the Motion. (ECF No. 53). As an initial matter, the Government concedes that Defendant has fulfilled the exhaustion requirement. (*Id*. at PageID #296). It argues, though, that the Motion should be denied because Defendant failed to demonstrate extraordinary and compelling reasons to warrant a sentence reduction. (*Id.* at PageID #296–97). The Government contends that Delshon was in similar condition when Defendant was sentenced, Delshon is not a qualifying family member under the Sentencing Guidelines,

Defendant's rehabilitative efforts are insufficient, and the factors set forth in 18 U.S.C. § 3553(a) do not warrant a sentence reduction. (*Id.* at 296–302).[2]

On September 10, 2026, Defendant replied in support of the Motion. (ECF No. 54). Defendant argues that Delshon is a qualifying family member under U.S.S.G. § 1B1.13(b)(3)(D) because their relationship is similar in kind to that of an immediate family member. (*Id.* at PageID #305). Defendant also argues that the care Delshon's receives and his overall health has diminished, which was not foreseeable at Defendant's sentencing. (*Id.* at PageID #306). Defendant denies that he is a danger to the community under factors set forth in 18 U.S.C. § 3553(a). (*Id.* at PageID #308–09).

## II. LAW AND DISCUSSION

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019). District courts are granted authority to modify sentences under 18 U.S.C. § 3582(c)(1)(A) in certain circumstances. Specifically, a district court may grant a sentence reduction under § 3582(c)(1)(A), also known as the "compassionate release" statute, "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see also United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

[2] The Government asserts that Defendant is not seeking immediate release, only a sentence reduction. (ECF No. 53, PageID #299). This is incorrect. Defendant is requesting that his sentence be reduced to five years in custody *or, in the alternative,* that immediate release be granted. (ECF No. 45, PageID #239).

As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *See United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) ("[A] court must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction."). Defendant must also satisfy the exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A) before seeking compassionate release.[3] 18 U.S.C. § 3582(c)(1)(A); *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

An amended policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13, became effective on November 1, 2023. The policy statement describes six categories of "extraordinary and compelling" circumstances that individually, or in combination, may support a request for compassionate release. These categories include (1) particular medical circumstances, (2) a defendant's advanced age, (3) particular family circumstances, (4) within-custody physical or sexual abuse, and (5) "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(1)–(5).

**A. Family Circumstances**

For a defendant's family circumstances to qualify as an extraordinary and compelling reason, the defendant must establish either (1) the death or incapacitation of the caregiver of defendant's minor child; (2) the incapacitation of defendant's spouse where the defendant is the only available caregiver; (3) the incapacitation of a defendant's parent where the defendant is the only available caregiver; or (4) the incapacitation of someone whose relationship to the defendant

[3] The parties do not dispute that Defendant has exhausted his administrative remedies. (ECF No. 49, PageID #262; ECF No. 53, PageID #296).

is "similar in kind" to that of an immediate family member where the defendant would be the only available caregiver. § 1B1.13(b)(3)(A)–(D). The policy statement does not define the characteristics of immediate family member; instead, it lists qualifying relationships, which include a defendant's parent, child, spouse or registered partner, grandchild, grandparent, or sibling. § 1B1.13(D).

Defendant argues that his family circumstances constitute an extraordinary and compelling reason for early release. Defendant asserts that he is the only available caretaker for Delshon, who is incapacitated as a quadriplegic. (ECF No. 49, PageID #261). The Sentencing Commission's policy statement sets a high bar for family circumstances to be extraordinary and compelling to warrant a sentence-reduction, and Defendant has not demonstrated such circumstances.

As an initial matter, the Court observes that neither party disputes that Delshon's condition and Defendant's role in Delshon's care was known at sentencing. (ECF No. 53, PageID #297; ECF No. 54, PageID #306). Defendant argues that although "Delshon's condition was mentioned at sentencing" the "the home health aides are failing to maintain the necessary level of care for Delshon and his condition is deteriorating." (ECF No. 54, PageID #306). Generally, "Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" *United States v. Hunter*, 12 F.4th at 569–70 ("§ 3582(c)(1)(A)'s text and structure, together with its narrow scope, show that identifying 'extraordinary and compelling reasons' is a task that focuses on post-sentencing factual developments. A court must first find that the facts of *the defendant's* personal circumstances changed after sentencing . . .") (emphasis in original).

Given Defendant's release plan, it appears that *Defendant's* circumstances remain relatively unchanged. Prior to sentencing, Defendant was responsible for grocery shopping, laundry, cleaning, and helping Delshon shower. (ECF No. 53, PageID #297). Home health aides also provided periodic care to Delshon. (*Id.*). Now, through the Motion, Defendant seeks to "[r]eturn immediately to the role of primary caregiver for Delshon[,]" but also indicates that he plans to "secure employment in the construction industry." (ECF No. 45, PageID #243). As a primary caregiver to Delshon, who Defendant says requires "around-the-clock care," (ECF No. 54, PageID #308), it is difficult to imagine how Defendant will do more than, once again, supplement the care provided by home health aides. While the Court is sympathetic to Delshon's condition, it does not appear that Defendant's circumstances have significantly changed since sentencing.

Nonetheless, even if Defendant's circumstances have changed by way of Delshon's deteriorating care and condition, Defendant's arguments fail for several other reasons. Defendant has not shown that his relationship with Delshon is similar in kind to an immediate family member or that he is Delshon's only available caregiver. As to the former, Defendant provides little information to demonstrate that he and Delshon's relationship is similar in kind to that of an immediate family member. Defendant relies solely on care that he previously provided Delshon prior to incarceration, given that Delshon's parents were deceased. (ECF No. 49, PageID #263).

Even if such allegations were sufficient, Defendant still fails to demonstrate that he is the only available caregiver for Delshon. Defendant argues that he is the only available caregiver because Delshon's parents are deceased, any friends "have their own careers and lives to maintain" and do not live near Delshon, and "home care staff have not sufficiently cared for Delshon." (*Id.* at PageID #264). The record suggests the opposite—Defendant is not the only available caregiver for Delshon.

Defendant does not dispute that institutional placement is a potential option. Rather, Defendant indicates that "[i]nstitutional placement would cause significant hardship, emotional distress, and deterioration in [Delshon's] health." (*Id.* at PageID #241). Defendant also ignores the possibility that a different company providing home care may better serve Delshon and his needs, as well as reduce the effect of caretaker turnover that concerns Defendant. (ECF No. 54, PageID #307). Beyond the current home health aides, Victoria Clark, a restaurant owner near Delshon, "often bring[s] [Delshon] food and assist[s] him whenever [she] can." (ECF No. 49-1, PageID #268). Based on these facts, Defendant has not demonstrated that he is the sole caregiver available to care for Delshon. Thus, Defendant failed to demonstrate that his particular family circumstances constitute extraordinary and compelling reasons to warrant compassionate release/a sentence reduction.

### B. Rehabilitation

Defendant argues that his rehabilitation efforts support early release. According to the Motion, Defendant holds three positions—Town Driver, Camp Administration Orderly, and Warden's Orderly—each signifying his trustworthiness, professionalism, exemplary behavior, and accountability. (ECF No. 45, PageID #242). Defendant also points to several educational programs that he has completed. (ECF No. 45-5, PageID #251–55).

Defendant's accomplishments are laudable; the Court applauds Defendant's efforts and strongly encourages him to continue this path. However, Defendant's rehabilitative efforts do not warrant early release when considered alongside the remainder of the record. Nor would Defendant's rehabilitative efforts alone have supported early release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *United States v. McKinnie*, 24 F.4th at 588 (quoting *United States v. Hunter*, 12 F.4th at

572). Rehabilitation is "expected of federal prisoners," and thus does not establish extraordinary and compelling reasons for a sentence reduction in this case. *United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021).

**C. Sentencing Factors (18 U.S.C. § 3553(a))**

Even if Defendant's circumstances are extraordinary, compelling, and a reduction is consistent with guidelines policy statements, the 18 U.S.C. § 3553(a) factors do not support a sentence reduction. Under § 3553(a), the Court must consider the "history and characteristics of the defendant," the "nature and circumstances of the offense," and the need to promote respect for the law, reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Each factor is initially considered at sentencing. Upon a motion for compassionate release, the Court again considers the applicable factors set forth in § 3553(a) to determine if they support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

All of the mentioned factors militate in favor of denying Defendant's motion. Defendant was almost fifty years old at the time of sentencing. (Presentence Investigation Report dated 10/30/2024 ["PSR"] at p. 3). He has a criminal history dating back to age seventeen, and three of his convictions (including this one) are in this federal court. (PSR at ¶¶ 17, 19). The allegations in both of his prior federal cases (and the instant case) involve drug trafficking.[4] (*Id.*). In his first federal drug-trafficking case, he received a sentence of seventy-two months. (PSR at ¶ 17). In his second federal conviction, Defendant received a sentence of forty-four months that was later reduced to thirty-five months. (PSR at ¶ 19). Defendant has been sentenced to a sum total of 107 months in federal custody, and this has had zero deterrent effect on Defendant's penchant for

[4] While his second federal conviction was for being a felon in possession of a firearm, a drug trafficking count was dismissed as part of the plea agreement. (PSR at ¶ 19).

drug trafficking. Against this backdrop, a sentence of five years and Defendant's alternative request for immediate release are counterintuitive; granting either of these requests would result in a lesser sentence than Defendant received in his previous federal drug-trafficking case.

Further, the nature and circumstances of the underlying offense remain serious. Defendant pleaded guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Minutes of proceedings [non-document] dated 7/17/2026). Although Defendant is correct that the underlying offense is non-violent, "drug trafficking is a serious offense that, in itself, poses a danger to the community[.]" *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2020).

The Court will not reward Defendant by reducing his sentence for continuing to traffic illicit drugs, when it is clear that his previous sentences totaling 107 months were not sufficient to deter such conduct. To do so would not promote respect for the law, protect the public from Defendant's drug trafficking, reflect the seriousness of the offense, provide adequate deterrence, or result in a sentence that is otherwise sufficient to meet the purposes in 18 U.S.C. §3553(a).

Defendant's lack of deterrence is especially troubling *in light of Delshon's situation.* Apparently, prior to the inception of this case, Delshon suffered from paralysis, had a home health aide, and Defendant assisted him with certain aspects of his daily life. (PSR at ¶ 38). At the time of Defendant's instant drug-trafficking conduct, he knew from his criminal history that, if convicted again, he would likely face years of prison time. Defendant also knew that during such prison time he would not be able to continue assisting with Delshon's daily needs. Nonetheless, Defendant forged ahead with yet another foray into drug trafficking. In other words, Delshon's situation was not emergent enough to Defendant to keep him from engaging in the instant conduct and risking years in jail; but he now asserts that effectively the same situation should be considered

emergent enough by the Court to reduce Defendant's sentence or immediately release him. Before he engaged in the instant conduct, Defendant should have given greater consideration to the challenges that may be ahead for Delshon in Defendant's absence (if convicted). His failure to do so does not now become the Court's emergency.

Defendant's request for a reduced sentence of five years undercuts any argument that the present circumstances regarding Delshon are extraordinary and compelling. A five-year sentence would effectively result in Defendant spending additional years in custody. If the circumstances regarding Delshon are extraordinary and compelling *now*, the Court cannot fathom how Defendant being released years from now will help Delshon's present situation. Furthermore, neither Defendant nor the Court has any way of knowing what Delshon's situation will be years from now. It defies common sense to reduce Defendant's sentence *now* based on speculation and supposition as to what Delshon's situation will be *years from now*. Simply put, the request has all the earmarks of Defendant gratuitously using Delshon's situation to try to manipulate the Court into reducing his sentence. Even if that is not the case, the fact of the request indicates Defendant's own belief that Delshon's situation can wait a few years for Defendant's release from custody. By its own terms, the request indicates that Delshon's situation is not extraordinary and compelling *now*; the Court will not grant a reduced sentence based on speculation as to what that situation will be in the future.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 26, 2026

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**